# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**UNITED STATES OF AMERICA,**

**VS.**                                                              **CASE NO. 2:18-cr-00261**

**JUANITA CARRIE HAYNES,**

      **DEFENDANT.**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR COMPASSIONATE RELEASE

Now comes the Defendant, Juanita Carrie Haynes, by counsel, Timothy J. LaFon, and files this Memorandum of Law in Support of her Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A). In support of said Motion, the Defendant states as follows:

### I. PROCEDURAL HISTORY

The Defendant was convicted of two counts of distribution of methamphetamine (21 U.S.C. §841(a)(1)) and conspiracy to distribute fifty grams or more of methamphetamine (21 U.S.C. §846).

On May 30, 2019, the Defendant was sentenced to a prison term of 108 months and five years of supervised release.

The Defendant is presently serving her sentence at FPC Alderson.

### II. DEFENDANT'S LIFE SINCE SENTENCING

The Defendant has been cooperative since being incarcerated and without having been written up. The Defendant has benefitted from many programs since her incarceration.

The Defendant is now 57 years old, and her projected release date is November 5, 2024. The Defendant has never had any disciplinary violations during her incarceration.

The Defendant suffers from COPD, hypertension and is 5' 2" and weights 165 lbs. and recently has been having renal issues, all of which are risk factors for COVID-19 (see medical records attached hereto).

The Defendant is currently housed at FPC Alderson. As the Court is aware, the nation is in the grasps of the COVID-19 pandemic which makes the prison population especially susceptible to infection given their close quarters. FPC Alderson has had active cases and as of December 15, 2021, there were thirty-seven (37) active cases, and upon information and belief, now one COVID death. Ms. Haynes has now been diagnosed with COVID and been taken to the hospital twice in recent weeks. She was supposed to go to the hospital again for breathing issues, but her daughter was told there weren't enough guards available for transportation and security.

Further, the Defendant has made arrangements to live with her daughter in Kanawha County, West Virginia, if released.

### III. THE LAW[1]

**A.      Section 3582(c)(1)(A)(i) Resentencing For The Extraordinary And Compelling Reasons.**

**1.      Section 3582 Is Intended For District Courts To Reduce Sentences For Prisoners On The Basis Of Extraordinary And Compelling Reasons.**

Congress first enacted the Compassionate Release Statute contained in 18 U.S.C. §3582 as part of the Comprehensive Crime Control Act of 1984. Section 3582(c) states that a District

---

[1] **Credit should be given to excerpts used herein from Hopwood, Shon R., Sample Brief for Compassionate Release Under 18 U.S.C. §3582(c)(1)(A) June 16, 2019.**

Court can modify even a final "term of imprisonment" whenever "extraordinary and compelling reasons warrant such a reduction".

Congress never defined what constitutes an "extraordinary and compelling reason" for resentencing under §3582(c). But the legislative history gives an indication of how Congress thought the statute should be employed by federal courts. One of Congress' initial goals in passing the Comprehensive Crime Control Act was to abolish federal parole and create a "completely restricted guidelines sentencing system". See S. Rep No. 98-225, at 52, 53 n.74 (1983).

Yet, recognizing that parole historically played a key role in responding to changed circumstances, the Senate Committee stressed how some individual cases may still warrant a second look at resentencing:

> "The Committee believes that there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, cases in which **other extraordinary and compelling circumstances justify a reduction of an unusually long sentence**, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment." Id. at 55-56 [Emphasis Added]

Congress decided that §3582(c) could and would enable courts to decide, in individual cases, if "there is a justification for reducing a term of imprisonment". Id. at 56.

Congress intended for the situations listed in §3582(c) to act as "safety valves for modification of sentences", id. at 121, that enabled sentence reductions when justified by various factors that previously could have been addressed through the (now abolished) parole system. This particular safety valve would "assure the availability of specific review and reduction to a term of imprisonment for 'extraordinary and compelling reasons' and [would allow courts] to

respond to changes in the guidelines". Id. Noting that this approach would keep "the sentencing power in the judiciary where it belongs", rather than with a federal parole board, the statute permitted "later review of sentences in particularly compelling situations". Id. [Emphasis Added]

Congress thus intended to give federal sentencing courts an equitable power that would be employed on an individualized basis to correct fundamentally unfair sentences. And there is no indication that Congress limited the safety valve of §3582(c)(1)(A) to medical or elderly release. If extraordinary and compelling circumstances were present, they could be used to "justify a reduction of an unusually long sentence". See S. Rep No. 98-225, at 55-56.

### 2. The U.S. Sentencing Commission Concluded That §3582(c)(1)(A)'s "extraordinary and compelling reasons" For Compassionate Release Are Not Limited To Medical, Elderly Or Family Circumstances.

The U.S. Sentencing Commission ("Commission") acted in 2007, promulgating a policy that extraordinary and compelling reasons include medical conditions, age, family circumstances and "other reasons". See U.S.S.G. §1B1.13, application note 1(A). The Commission amended its policy statement, expanding the guidance to courts on qualifying conditions. Id. at application note 4.

The Commission created several categories of qualifying reasons (A" "Medical Conditions of the Defendant", including terminal illness and other serious conditions and impairments; (B) "Age of the Defendant", for those 65 and older with serious deterioration related to aging who have completed at least ten years or 75% of the term of imprisonment (see Exhibit 3 attached hereto); (C) "Family Circumstances", where a child's caregiver or spouse dies or becomes incapacitated without an alternative caregiver; and (D) "Other Reasons", when the

Director of the Bureau of Prisons determines there is "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). Id., application note 1(A). The Commission also clarified that the extraordinary and compelling reasons "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment". U.S.S.G. §1B1.3, application note 2. Evidently, the Bureau of Prisons now considers the appropriate age of the Defendant to be 60 years (see Exhibit 3 attached hereto).

In late 2018, the Congress passed the First Step Act, part of which transformed the process for compassionate release under §3582(c)(1)(A). See P.L. 115-391, 132 Stat. 5194, at §603 (Dec. 21, 2018). Section 603 of the First Step Act changed the process by which §3582(c)(1)(A) compassionate release occurs: instead of depending upon the Director of the Bureau of Prisons to determine an extraordinary circumstance and then move for release, a court can now resentence "upon motion of the defendant", if the Defendant has fully exhausted all administrative remedies, "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier". See 18 U.S.C. §3582(c)(1)(A).

There is recent law that seems to allow for a waiver of this 30-day period regarding the COVID-19 pandemic. See United States v. Manuel Alejandro Guzman Soto, 2020 W.L. 1905323, No. 18-cr-10086, d. Mass, Talwani N. April 17, 2020. Once the defendant has exhausted his remedies with the Bureau of Prisons, he may file a Motion, a court may, after considering the 18 U.S.C. §3553(a) factors, resentence a defendant, if the court finds that extraordinary and compelling reasons warrant a reduction. Id.

Once a prisoner has properly pursued administrative remedies and filed a Motion for Compassionate Release, a federal court possesses authority to reduce a sentence if and whenever the court finds "extraordinary and compelling reasons warrant such a reduction". A court must consider the 18 U.S.C. §3553(a) sentencing factors in reducing any sentence, and any reduction of a sentence that a court orders must also be "consistent with applicable policy statements issued by the Sentencing Commission". See 18 U.S.C. §3582(c)(1)(A).

As noted above, the Sentencing Commission created a catch-all provision for compassionate release under U.S.S.G. §1B1.13, application note (1)(D), which states:

> "Other Reasons.-As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

The requirement that the other reasons be "as determined by the Director of the Bureau of Prisons" is no longer required. An inmate may file this Motion of his own now.

### B. The Defendant Has Extraordinary And Compelling Reasons Why Her Sentence Should Be Reduced.

#### 1. The Defendant Properly Exhausted Her Request For A Reduction Of Sentence Under The Compassionate Release Statute.

The Defendant filed a request for a reduction of sentence and release to home confinement with the Warden of her prison at FPC Alderson on Friday, December 17, 2021, but as of this filing has heard no response. Rumor has it that the Warden is out due to COVID, but this is just a Facebook comment, that has not been confirmed.

#### 2. The Defendant Has Extraordinary And Compelling Reasons Justifying A Sentence Reduction.

The Defendant has been a model inmate. It is clear that she has been rehabilitated.

The Defendant is now 57 years old, has been incarcerated for more than two (2) years and suffers from certain health issues, one of which is COVID-19. Because of the increased risk due to the health issues, the Defendant is faced with threatening risk with the COVID-19 illness. These above reasons, when taken together, are extraordinary and compelling circumstances contemplated by the First Step Act revisions to the Compassionate Release provisions outlined in 18 U.S.C. §3582 et seq.

### i. The Nature And Circumstances Of The Offense And History And Characteristics Of The Defendant.

At the time of the crime, the Defendant was battling addiction and acted according to the nature of said addiction.

### ii. The Need For The Sentence Imposed.

The time served, plus a sentence of home confinement is sufficient enough to promote respect for the law and provide just punishment. The time served has afforded adequate deterrence from future crimes as the Defendant is a minimum risk for reoffending. In addition, the Defendant has availed herself of educational and other correctional treatment.

### iii. Sentence Available.

As explained above, this Court's latitude is great, the guidelines are not mandatory and the Court may impose whatever reduction it deems appropriate under the circumstances.

### iv. Pertinent Policy Statement.

The First Step Act's policy is to encourage the early release of prisoners. Great discussion and debate has occurred recently as to releasing inmates in overpopulated prisons, and Defendant is a perfect candidate, thus saving public monies. The Defendant has

been rehabilitated, has extraordinary and compelling circumstances, is 57 years old and her risk of reoffending is minimal.

## IV. CONCLUSION

The Defendant prays this Court will hear her cry. The Defendant has been rehabilitated, has had no incidents while incarcerated and is a minimum risk for reoffending. The Defendant has extraordinary and compelling reasons to be released to supervised release or home confinement, given her age, the length of sentence served to date and the COVID-19 diagnosis, which may worsen.

**WHEREFORE**, Defendant requests the Court enter an Order granting her Motion for Compassionate Release or if the Court so desires, the Defendant requests a Hearing be set on said Motion. The Defendant requests such other and further relief as this Court deems just.

<u>**JUANITA CARRIE HAYNES**</u>
**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Timothy J. LaFon
     Timothy J. LaFon (WV #2123)
     1219 Virginia Street, East, Suite 100
     Charleston, West Virginia 25301
     Phone: (304) 343-4440
     Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**UNITED STATES OF AMERICA,**

**VS.**                                                                 **CASE NO. 2:18-cr-00261**

**JUANITA CARRIE HAYNES,**

      **DEFENDANT.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"Memorandum of Law in Support of Motion for Compassionate Release"** has been served upon all parties via the Court's electronic filing system on the 23rd day of December 2021:

> Drew O. Inman, Esq.
> United States Attorney's Office
> P.O. Box 1713
> Charleston, West Virginia 25326-1713

**CICCARELLO, DEL GIUDICE & LAFON**


By: /s/Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Attorneys for Defendant