```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

v.                                Criminal Action No. 2:18-00261

**JUANITA CARRIE HAYNES**


MEMORANDUM OPINION AND ORDER

Pending are Defendant Juanita Carrie Haynes' motion for compassionate release (ECF 109) and memorandum in support (ECF 110) thereof, filed December 23, 2021, and supplemental memorandum (ECF 111) in support of her motion, filed December 27, 2021.

I.  Background

Following a three-day jury trial, Ms. Haynes was found guilty of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846.  See ECF 92. On May 30, 2019, Ms. Haynes was sentenced to 108 months of

imprisonment to be followed by five years of supervised release.[1] Id. Including her pre-trial detention, she has served approximately three years of her nine-year sentence. Ms. Haynes is currently serving her term of imprisonment at Federal Prison Camp ("FPC") Alderson. As of this writing, FPC Alderson has seventy-six inmates who are positive for COVID-19, including Ms. Haynes. See Federal Bureau of Prisons, COVID-19: https://www.bop.gov/coronavirus/ (last visited January 3, 2021).

On December 15, 2021, Ms. Haynes tested positive for COVID-19. See ECF 113 at 1. On December 19, 2021, Ms. Haynes was transferred to Greenbrier Valley Medical Center ("GVMC") where she received medical treatment in the form of oxygen, steroids, and fluids for COVID-19 pneumonia and was discharged that same date. Id. at 2. On or about December 23, 2021, Ms. Haynes was hospitalized in the Intensive Care Unit ("ICU") at GVMC due to breathing issues associated with COVID-19. Id. On or about December 26, 2021, Ms. Haynes was intubated and placed on a ventilator. Id. In recent days, Ms. Haynes' health has been in a steady decline, and she has been unable to maintain an

---

[1] Specifically, Ms. Haynes was sentenced to 108 months of imprisonment on each Counts 1 and 2, to run concurrently with each other, for a total term of 108 months to be followed by a five year term of supervised release on Count 2, and a three year term on Count 1, each to run concurrently with the other, for a total supervised release term of five years. See ECF 92.

oxygen saturation percentage above fifty percent. Id. On December 28, 2021, ICU staff informed the BOP that "if she makes it over the next few days she will need a trach long term." Id. As of December 29, 2021, Ms. Haynes remains sedated on a ventilator in the ICU at GVMC with her oxygen saturation levels continuing to drop. Id. at 3.

On December 23, 2021, Ms. Haynes moved for compassionate release based on her COVID-19 diagnosis, age, the length of sentence she has served to date, and the fact that she suffers from COPD, hypertension, and renal issues, all of which she contends are risk factors for COVID-19. See ECF 110. She requested she be released on supervised release or home confinement.[2] Id. at 8. On December 27, 2021, Ms. Haynes filed a supplemental memorandum in support of her motion for compassionate release, alerting the court of her deteriorating health. See ECF 111. Given the exigent circumstances, Ms. Haynes requests that her motion be granted "to allow her

---

[2] The court notes that it is reported that Ms. Haynes filed a request for a reduction of sentence with the Warden of FPC Alderson on December 17, 2021 but has heard no response to date. See ECF 110 at 6. To the extent that it could be raised that Ms. Haynes has not yet satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) given that thirty days have not yet lapsed from the receipt of her request, the court deems the exhaustion requirement waived in light of the exigent circumstances surrounding Ms. Haynes' deteriorating health condition.

daughter to serve as her statutory power of attorney, pursuant to her appointment papers on or about December 14, 2018." Id. at 2. It is reported that she "has made arrangements to live with her daughter in Kanawha County, West Virginia, if released." ECF 110 at 2.

On December 29, 2021, the court directed the United States to inquire with the BOP regarding Ms. Haynes medical condition and status. See ECF 112. That same date, the United States responded confirming Ms. Haynes' condition as set forth in detail above. See ECF 113. In its response, the United States noted that the BOP is currently paying for Ms. Haynes' medical treatment and should she be released "financial responsibility for her bill will fall to her and her family." Id. at 3. In light of this fact, the court directed Ms. Haynes to advise whether she wished to pursue her motion for compassionate release. See ECF 117. On December 30, 2021, Ms. Haynes' counsel advised that after consulting with her Power of Attorney, she wished to proceed with her motion. See ECF 118.

## II. Governing Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a defendant's term of imprisonment "and may impose a term of . . . supervised release with or without conditions that

does not exceed the unserved portion of the original term of imprisonment" upon consideration of the § 3553(a) factors and a finding that extraordinary and compelling reasons warrant a sentence reduction. "In doing so, the court may modify an existing term of supervised release to add a period of home detention, only if it finds that home detention is a 'substitute for imprisonment.'" United States v. Williams, 509 F. Supp. 3d 616, 619 (S.D. W. Va. 2020) (quoting United States v. Alvarado, 462 F. Supp. 3d 948, 951 (D. Minn. 2020); see also 18 U.S.C. 3583(e)(3)(2) (providing that a court may "extend a term of supervised release if less than the maximum authorized term was previously imposed" and may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.").

Notably, "Section 3582(c)(1)(A) does not authorize [a] district court to order that a defendant serve [her] current sentence in home confinement." United States v. Spencer, No. 20-3721, 2020 WL 5498932, *2 (6th Cir. 2020) (citing Tapia v. United States, 564 U.S. 319, 331 (2011) (noting that the BOP has plenary control over the "place of imprisonment.'")). Nonetheless, "if the district court reduces a defendant's sentence under § 3582(c)(1)(A) to time served, it can impose a term of supervised release equal to the unserved time and order, as a conditions of that supervised release, that the defendant

be confined to [her] home." Id. (citing 18 U.S.C. § 3853(d); USSG § 5F1.2.). A "district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." United States v. Jenkins, --- F.4th ---, No. 20-7746, 2021 WL 613105, *5 (4th Cir. 2021).

III. Discussion

A. Extraordinary and Compelling Reasons

As of now, "[t]here is . . . no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020). "As a result, district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Jenkins, --- F.4th at ---, 2021 WL 613105 at *5 (internal citations and quotations omitted). Additionally, while "the Federal Sentencing Guidelines § 1B1.13 are not directly applicable to defendant-filed motions pursuant to § 3582(c), the court may consider these guidelines in defining what should be considered an 'extraordinary and compelling circumstance' warranting a sentence reduction." Id. (citing U.S.S.G. § 1B1.13) (advising that where "[t]he defendant is suffering from a terminal illness" or "[t]he defendant . . . is

suffering from a serious physical or medical condition," the district court may find an "extraordinary and compelling reason").

Ms. Haynes is currently suffering from a life-threatening case of COVID-19 and is unfortunately showing no signs of improvement. As far as the court is aware, she has been sedated on a ventilator since December 26, 2021, unable to maintain oxygen levels above fifty percent. Additionally, ICU staff have advised that if she is to recover from her current state, she will require a long-term tracheostomy. In light of these facts, the court concludes that Ms. Haynes' current medical status amounts to a serious medical condition constituting extraordinary and compelling reasons. Moreover, Ms. Haynes is fifty-seven years old and suffers from several medical conditions, namely COPD and hypertension, that make her more susceptible to COVID-19 and is incarcerated in a facility wherein seventy-six inmates are currently positive for COVID-19. Taken together with her current medical status, Ms. Haynes' age, medical conditions, and the amount of current positive cases at FPC Alderson make her situation all the more compelling. Accordingly, the court finds there are extraordinary and compelling reasons justifying a sentence reduction.

B. Section 3553(a) Factors

Upon a finding that extraordinary and compelling circumstances are existent, a district court must next "consider the § 3553(a) sentencing factors 'to the extent they are applicable' in deciding whether to exercise its discretion to reduce the defendant's sentence." Jenkins, --- F.4th at ---, 2020 WL 613105 at *5 (internal citations omitted). Such "factors include 'the nature and circumstance of the offense;' 'the history and characteristics of the defendant'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with . . . training, medical care, or other correctional treatment.'" Id. (quoting 18 U.S.C. § 3553(a)).

As previously stated, Ms. Haynes is currently serving a 108-month sentence for distributing methamphetamine and conspiring to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. While undoubtedly serious offenses, Ms. Haynes' conduct was primarily fueled by her lengthy addiction to opioids and methamphetamine. See ECF Nos. 90, 94 (sealed). Aside from the instant convictions and a felony offense for operating a clandestine lab at the age of forty for which she served a year in jail, Ms.

Haynes' criminal history is largely insignificant, with no other convictions aside from a minor beer offense and traffic offense. Id. The court determined these circumstances warranted a six-level downward variance at Ms. Haynes' sentencing and finds them relevant here today, weighing in favor of a sentence reduction. See ECF 94 (sealed). Moreover, while incarcerated, Ms. Haynes has reportedly availed herself of educational programs and other correctional treatment and has been a cooperative and model inmate with no known disciplinary violations. See ECF 110. Ms. Haynes is now fifty-seven years old and will likely suffer from permanent health issues as a result of her current medical status should she recover, thus rendering her risk of reoffending minimal and making her an unlikely danger to the community.

Given these circumstances, the court concludes that the Section 3553(a) factors weigh in favor of release. Nonetheless, the court further concludes that releasing Ms. Haynes without any supervision would not be supported by the Section 3553(a) factors. Lengthening Ms. Haynes current term of supervised release and requiring as a condition thereof that she serve a portion of the same on home confinement will continue to promote respect for the law and reflect the seriousness of her offense.

9

## IV.    Conclusion

Based on the foregoing, Ms. Haynes' motion for compassionate release (ECF 109) is GRANTED.  The court MODIFIES Ms. Haynes' sentence to TIME SERVED and IMPOSES an additional year to Ms. Haynes' supervised release term for a total of six years, with the first four years to be served on home confinement to be electronically monitored at her expense as a condition thereof.

The court further IMPOSES as an additional condition of supervised release that Ms. Haynes shall submit her person, property, house, residence, vehicle, papers, or office to a search conducted by a United States probation officer when there is reasonable suspicion that the defendant has violated a condition of supervision.  Prior to a search of her property, house, residence, vehicle, papers or office under this condition, the probation officer shall obtain ex parte approval of the search by a Judicial Officer of this court who finds that reasonable suspicion for the search exits.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation of release.  Ms. Haynes shall inform other occupants that the premises may be subject to searches pursuant to this condition.

In addition to the above conditions, any standard, additional, or special conditions of supervised release imposed at Ms. Haynes' original sentencing shall continue to apply during her modified term of supervised release.

The Clerk is directed to transmit copies of this order to the defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and FPC Alderson, Glen Ray Rd. Box A, Alderson WV 24910.

ENTER: January 3, 2022

John T. Copenhaver, Jr.
Senior United States District Judge